UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| OAKWOOD HOMES CORPORATION, *et al.*, ) | Case No. 02-13396 |
| Debtors. ) | Substantively Consolidated |
| ) | |
| ) | |
| OHC LIQUIDATION TRUST, by and through ) | |
| ALVAREZ & MARSAL, LLC, THE OHC ) | Case No. 04-56033 |
| LIQUIDATION TRUSTEE, ) | |
| Plaintiff, ) | |
| v. ) | |
| D&Y WELL DRILLING CO., ) | |
| Defendant. ) | |

**MOTION OF D&Y WELL DRILLING CO. FOR WITHDRAWAL
OF THE REFERENCE TO THE BANKRUPTCY COURT**

Pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure (Fed.R.Bankr.P.), the Defendant, D&Y Well Drilling Co. ("D&Y" or "Defendant"), by and through its undersigned counsel, hereby moves the United States District Court for the District of Delaware for withdrawal of the standing order of reference to the United States Bankruptcy Court for the trial of this matter. Pursuant to Fed.R.Bankr.P. 5005, this motion is being filed with the Clerk of the Bankruptcy Court. In support thereof, D&Y respectfully shows the Court the following:

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 15, 2002.

2. On October 29, 2004, the OHC Liquidation Trust, by and through Alvarez & Marsal, LLC, the OHC Liquidation Trustee, filed a complaint against D&Y seeking to recover $38,630.00 as allegedly avoidable transfers under Sections 544, 547, 548, 550 and 551 of the Bankruptcy Code. The complaint alleges that D&Y received avoidable transfers from the Debtors within the ninety days prior to the petition date either as preferential payments or as fraudulent transfers.

30

3. Plaintiff has alleged that it was created pursuant to the Debtors' Second Amended Joint Consolidated Plan of Reorganization of Oakwood Homes Corporation and its affiliated Debtors and Debtors-in-Possession (the "Plan"). Complaint, ¶6.

4. On November 29, 2004, D&Y filed its Answer, which included a demand for jury trial.

5. D&Y has not filed a proof of claim against any of the Debtors.

6. Pursuant to 28 U.S.C. § 157(d), the Court may withdraw "any case or proceeding referred under this section, on its own motion or on the timely motion of any party, for cause shown."

7. A motion for withdrawal is timely when made "'as soon as possible after the moving party has notice of the grounds for withdrawing the reference or at the first reasonable opportunity.'" *Young v. Snyder*, 1994 WL 81955, at *2 (E.D. Pa., 1994), *quoting*, *Vista Metals Corp. v. Metal Brokers Int'l, Inc.*, 161 B.R. 454, 457 (E.D.Wis. 1993). In *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 907 (D. Del. 1996), this Court found a motion for withdrawal of the reference to be timely when filed approximately two and one-half months after the filing of an adversary proceeding (and after the answer was filed in the case).

8. The Plaintiff filed the complaint in this matter on October 29, 2004 and D&Y filed its Answer on November 29, 2004. The Bankruptcy Court entered a Procedures Order on January 3, 2005. D&Y does not object to pretrial matters being conducted before the Bankruptcy Court. Thus, this motion is timely under 28 U.S.C. § 157(d).

9. D&Y has cause for withdrawing the reference in this matter because D&Y has a constitutional right to a jury trial. While claims to recover allegedly preferential or fraudulent

2

transfers are core proceedings pursuant to 11 U.S.C. §157(b)(2)(F) and (H), D&Y has a right to a jury trial because D&Y has not filed a proof of claim in this case.

10. The right to a jury trial is one of the factors in determining a motion to withdraw the reference. The Seventh Amendment to the U.S. Constitution provides as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." U.S. CONST. AMEND. VII. In *Granfianciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 2794, 106 L.Ed 2d 26 (1989), the U.S. Supreme Court held that a defendant had a right to a jury trial on a fraudulent conveyance cause of action if it had not filed a proof of claim in the bankruptcy case. In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed 2d 343 (1990), the U.S. Supreme Court held that the right to a jury trial under the Seventh Amendment is applicable to parties in a preference action. Confirming the rationale of its decision in *Granfianciera*, the *Langenkamp* Court affirmed that a party to a preference action is entitled to a jury trial unless the party has submitted a claim against the debtor's estate. *Langenkamp*, 498 U.S. 42 at 44.

11. D&Y has not filed a proof of claim against the Debtors' estates or otherwise indirectly consented to the jurisdiction of the Bankruptcy Court. Thus, under *Granfianciera* and *Langenkamp*, D&Y is entitled to a jury trial.

12. A bankruptcy court only has authority to conduct a jury trial "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). D&Y has not consented to a jury trial in the Bankruptcy Court.

13. As D&Y has a constitutional right to a jury trial which only the U.S. District Court can conduct, there is good cause for withdrawing the reference. In *In re NDEP Corp.*, 203 B.R. at 908, this Court emphasized the significance of the request for a jury trial in deciding whether to find cause to withdraw the reference: "[the demand for a jury trial] is important, because absent the

express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial."

14. As this motion is relevant to a right to a jury trial, D&Y would agree to pretrial matters being conducted by the Bankruptcy Court with the reservation of all its rights with regard to a jury trial, including that consent to such action would not be deemed to be a waiver of the right to a jury trial, waiver of the right to seek withdrawal of the reference, or consent to a jury trial in the Bankruptcy Court.

15. For the aforesaid reasons, D&Y respectfully requests that the Court grant its motion for withdrawal of the reference to the Bankruptcy Court.

16. D&Y submits that the motion herein presents no unique issues of law or fact that would require a separate brief. Pursuant to Local District Court Civil Rule 7.1.2, D&Y reserves the right to reply to any response filed hereto.

WHEREFORE, D&Y respectfully requests that the District Court:

(1) Withdraw the standing order of reference to the Bankruptcy Court in this case with regard to a jury trial on the merits; and

(2) Grant such other relief as the Court deems just and proper.

This the 3rd day of February, 2005.

BIFFERATO, GENTILOTTI & BIDEN, P.A.

By: _____
Ian Connor Bifferato (#3273)
Catherine Zwolak Kilian (#4565)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Phone: (302) 429-1900
Fax: (302) 429-8600

-and-

TUGGLE DUGGINS & MESCHAN, P.A.
Sarah F. Sparrow
N.C. State Bar No. 13112
228 W. Market Street
Post Office Box 2888
Greensboro, NC 27402
Phone: (336) 378-1431
Facsimile: (336) 274-6590

*Attorneys for D&Y Well Drilling Co.*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re : ) <br> ) <br> OAKWOOD HOMES CORPORATION, ) <br> *et al.* ) <br> ) <br> Debtors. ) <br> _____ ) <br> OHC LIQUIDATION TRUST, ) <br> by and through ALVAREZ & MARSAL, ) <br> LLC, THE OHC LIQUIDATION ) <br> TRUSTEE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D&Y WELL DRILLING CO., ) <br> ) <br> Defendant. ) | Chapter 11 <br> Case No. 02-13396 <br><br> Substantively Consolidated <br><br><br><br><br><br><br> Adversary Pro. No. 04-56033 <br><br> Hearing Date: TBD <br> Response Date: Pursuant to District Court Local Rules |

### NOTICE OF MOTION

TO:  Donna L. Culver, Esquire               George B. South, Esquire
     Morris Nichols Arsht & Tunnell          Scott E. Eckas, Esquire
     1201 North Market Street                Michael A. Shoenberg, Esquire
     P.O. Box 1347                           King & Spalding LLP
     Wilmington, DE 19899-1347               1185 Avenue of the Americas
                                             New York, NY 10036

The Defendants D&Y Well Drilling Co. filed a *Motion for Withdrawal of the Reference to the Bankruptcy Court* which seeks the following relief:

   The standing order of reference to the Bankruptcy Court in this case with regard to a jury trial on the merits be withdrawn.

If you choose to respond to the attached motion you must do so PURSUANT TO DISTRICT COURT LOCAL RULE 7.1.2. At that same time, you must also serve a copy of the response upon D&Y well Drilling Co.'s attorney(s):

*attachment 1*
*to docket 30*

Ian Connor Bifferato, Esquire
Catherine Zwolak Kilian, Esquire
BIFFERATO, GENTILOTTI & BIDEN
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165

Sarah F. Sparrow, Esquire
Tuggle Duggins & Meschan, P.A.
228 W. Market Street
P.O. Box 2888
Greensboro, NC 27402

  A HEARING ON THE MOTION WILL BE HELD: AT THE COURT'S DISCRETION IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, WILMINGTON, DE 19801.

  IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.

Date: February 3, 2005
   Wilmington, DE

            BIFFERATO, GENTILOTTI & BIDEN

            _____
            Ian Connor Bifferato (DE # 3273)
            Catherine Zwolak Kilian (DE # 4565)
            1308 Delaware Avenue
            P.O. Box 2165
            Wilmington, DE 19899
            (302) 429-1900
            (302) 429-8600

               and

            Sarah F. Sparrow, Esquire
            Tuggle Duggins & Meschan, P.A.
            228 W. Market Street
            P.O. Box 2888
            Greensboro, NC 27402
            (336) 378-1431

            Counsel to D&Y Well Drilling Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re : | Chapter 11 |
| | Case No. 02-13396 |
| OAKWOOD HOMES CORPORATION, et al. | |
| | Substantively Consolidated |
| Debtors. _____/ | |
| OHC LIQUIDATION TRUST, by and through ALVAREZ & MARSAL, LLC, THE OHC LIQUIDATION TRUSTEE, | Adv. Pro. No. 04-56033 |
| Plaintiff, | |
| v. | |
| D&Y WELL DRILLING CO., | |
| Defendant. _____/ | |

### ORDER

AND NOW this _____ day of _____, 2005; pursuant to D&Y Well Drilling Co.'s Motion for Withdrawal of the Reference to the Bankruptcy Court and after consideration of the Motion; and any response thereto; and after due deliberation and sufficient cause appearing therefore:

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

(1)   The relief requested in the Motion is GRANTED.

_____
UNITED STATES DISTRICT COURT JUDGE

*Attachment 2 to docket 30*

## CERTIFICATE OF SERVICE

I, Catherine Zwolak Kilian, hereby certify that on this 3rd day of February, 2005 a copy of the foregoing *Motion of D&Y Well Drilling Co. for Withdrawal of the Reference to the Bankruptcy Court* was caused to be served by first class mail (unless otherwise indicated) upon the following:

BY HAND
Donna L. Culver, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

BY MAIL
George B. South, Esquire
Scott E. Eckas, Esquire
Michael A. Shoenberg, Esquire
Kimberly M. Schmid, Esquire
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

By: _____
Ian Connor Bifferato (#3273)
Catherine Zwolak Kilian (#4565)
Bifferato, Gentilotti & Biden
1308 Delaware Ave
P.O. Box 2165
Wilmington, DE 19899-2165

att. 3 to
docket 30